IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason A. Harbin,<br><br>               Plaintiff,<br><br>vs.<br><br>Lori Partin;<br>Julian L. Stoudemire; Stoudemire & Sprouse Law, PA,<br><br>               Defendants. | C/A No. 8:17-575-MGL-JDA<br><br>**REPORT AND RECOMMENDATION**<br><br>*for disposition of the motion*<br><br>*for TRO and/or preliminary injunction* |

Jason A. Harbin ("Plaintiff"), proceeding pro se, brings this civil action alleging a violation of his federal constitutional rights, and he filed a "brief in support of Plaintiff's emergency motion for a temporary restraining order against amendment retaliation," which has been construed as a motion for temporary restraining order ("TRO") and/or preliminary injunction. [*See* Docs. 1, 4.] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915, and it appears that he is a non-prisoner.

The undersigned has not determined yet whether service of process should be authorized on Defendants. This matter is before this Court on the emergency motion seeking a TRO.[1]

## **BACKGROUND**

Plaintiff alleges that he is the father of two minor children,[2] and Lori Partin is the mother. [Doc. 4.] He appears to allege the following facts. Julian L. Stoudemire is an

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Motion for TRO and submit findings and recommendations to the district judge.

[2] It appears he may have other children who are not involved in this case.

attorney with Stoudemire & Sprouse Law, PA, who has represented Lori Partin during family court proceedings in the Tenth Judicial Circuit of South Carolina. [Docs. 4, 5.] Plaintiff's first, fifth, and fourteenth amendment rights have been violated and "not upheld in this case from Oct. 4, 2011," which caused him to file this case and emergency motion. [Doc. 1.] In 2015, Plaintiff's parental rights with respect to the two minor children at issue in this case were terminated by a South Carolina family court. [Doc. 4, Doc. 5-5 at 10.] He alleges that the two children "are unlawfully being placed for adoption by an unloving parent the Mother Partin." [Doc. 4.]

It appears Plaintiff appealed the family court decision to the South Carolina Court of Appeals. [Doc. 5-5 at 1.] And, it appears he unsuccessfully filed a petition for a writ of certiorari in the South Carolina Supreme Court. [Doc. 5-5 at 3; Doc. 5-4 at 40 (letter from an attorney to Jason Harbin dated Jan. 9, 2017, that Harbin had lost the case in state court).]

Plaintiff alleges that due to fraud the opposing counsel blocked his "right to obtain his parental rights as a father." [Doc. 4 at 8.] He contends "this is now a question for federal court since all options were used in state court," and this Court "must reinstate Father Harbin's right to parent his children." [*Id.*]

It appears that Plaintiff seeks an emergency order from this Court to halt "a future fraudulent adoption of the couple's two children" and "for a return of minor children to custody of the loving father." [Doc. 4 at 1.]

## DISCUSSION

Under the legal standard adopted by our Court of Appeals, this Plaintiff is not entitled to a temporary restraining order without notice to the adverse party or a preliminary

2

injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010); *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014).

Under the *Winter* standard, Petitioner must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Real Truth About Obama, Inc.*, 575 F.3d at 346 (quoting *Winter*, 555 U.S. at 20). All four requirements must be satisfied. *Id.* Furthermore, to obtain injunctive relief, Petitioner must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a petitioner is entitled to such relief. *Id.*

Plaintiff is not likely to succeed on the merits. Thus, he cannot satisfy the first *Winter* prong, and the motion for temporary restraining order/preliminary injunction should be denied. First, Plaintiff is not likely to succeed on the merits because he fails to allege a plausible claim pursuant to § 1983 due to his failure to allege state action. A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges,

3

or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Id*. The allegations against Lori Partin, the mother, her attorney, Julian L. Stoudemire, and the law firm, seem to allege they are private citizens or entities. There are no allegations that the Defendants acted in any way attributable to a state. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Therefore, Plaintiff's likelihood of success on his § 1983 claim is poor where he fails to allege sufficient state action.

Additionally, Plaintiff's likelihood of success on the merits of this case is poor due to the *Rooker-Feldman* doctrine; this action will likely be dismissed based on that doctrine. Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712,

719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Dukes v. Stone*, No. 3:08-505-PMD-JRM, 2009 WL 398079 at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment).

Here, the crux of Plaintiff's case seems to be seeking an order to vacate the state court's alleged wrongful order to terminate Plaintiff's parental rights because he requests a return of the minor children to his custody. Plaintiff is not satisfied with the litigation results in the state courts, and he improperly brings this action in an attempt to overrule the state court decisions. *See Smalley v. Shapiro & Burson*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (party losing in state court is barred from seeking what in substance would be appellate review of state judgment). Therefore, this entire action will likely be unsuccessful due to the *Rooker-Feldman* abstention doctrine.[3]

## **RECOMMENDATION**

It is recommended that the motion for temporary restraining order/preliminary injunction [Doc. 4] be denied. **Plaintiff's attention is directed to the important notice on the next page.**

March 3, 2017  
Greenville, South Carolina

s/Jacquelyn D. Austin  
United States Magistrate Judge

---

[3] This Court acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).